# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

November 12, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES LILLY,**
**Claimant Below, Petitioner**

**vs.)　No. 13-1056**　(BOR Appeal No. 2048210)
(Claim No. 2012011213)

**ALEX ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Lilly, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alex Energy, Inc., by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 20, 2013, in which the Board affirmed a February 26, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 27, 2012, decision closing Mr. Lilly's claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 27, 2011, Mr. Lilly filed a report of injury indicating that he injured his left knee and foot when he slipped and fell. An emergency medical services treatment note from the date of injury indicates that Mr. Lilly injured his left ankle when he slipped and fell in mud. Following the injury, Mr. Lilly sought treatment with Steven Vess, D.O. Dr. Vess initially diagnosed Mr. Lilly with a left ankle sprain/strain, and the claims administrator held the claim compensable for sprains/strains of the left ankle and foot on November 15, 2011. Dr. Vess later diagnosed Mr. Lilly with peroneal nerve palsy of the left foot and deep vein thrombosis of the

1

left lower extremity and attributed both conditions to the September 27, 2011, injury, which he believed to be a crush injury sustained in an underground roof fall rather than a slip-and-fall injury.

On January 5, 2012, Joseph Grady II, M.D., performed an independent medical evaluation and noted that Mr. Lilly reported sustaining a left ankle injury when he slipped and fell while walking in mud. He opined that Mr. Lilly's current symptoms are not the result of the compensable left ankle sprain/strain. On January 10, 2012, Dr. Grady authored a letter stating that Mr. Lilly had reached maximum medical improvement with regard to the left ankle sprain/strain. On April 27, 2012, the claims administrator issued a decision closing Mr. Lilly's claim for temporary total disability benefits. Dr. Vess completed a disability status form on May 3, 2012, and indicated that Mr. Lilly is unable to return to work at the present time, and estimated that he may be able to return to work on December 1, 2012.

In its Order affirming the April 27, 2012, claims administrator's decision, the Office of Judges held that there is no medical evidence of record demonstrating that Mr. Lilly is temporarily and totally disabled as a result of the compensable left ankle sprain/strain. On appeal, Mr. Lilly requests that the claim be reopened for further consideration of temporary total disability benefits.

The Office of Judges concluded that without a resolution of Mr. Lilly's protest of a July 9, 2012, claims administrator's decision denying compensability for the diagnoses of peroneal palsy and deep vein thrombosis of the left lower extremity, it is difficult to conclude that Mr. Lilly remained temporarily and totally disabled as a result of the compensable left ankle sprain/strain. However, Mr. Lilly's protest of the July 9, 2012, claims administrator's decision has since been resolved. The Office of Judges affirmed the claims administrator's July 9, 2012, decision on April 26, 2013, and the Board of Review affirmed the Office of Judges' April 26, 2013, Order on September 20, 2013. This Court affirmed the Board of Review's September 20, 2013, decision in *Lilly v. Alex Energy, Inc.*, No. 13-1055 (memorandum decision). The Office of Judges noted that Dr. Vess opined that Mr. Lilly is temporarily and totally disabled as a result of the non-compensable diagnoses of peroneal palsy and deep vein thrombosis of the left lower extremity. The Office of Judges concluded that in the absence of any evidence demonstrating that Mr. Lilly is temporarily and totally disabled as a result of the compensable diagnosis of left ankle sprain/strain, his request to reopen the claim for further consideration of temporary total disability benefits should be denied. The Board of Review reached the same reasoned conclusions in its decision of September 20, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**   **November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin, Disqualified